UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Richmond Division

ALICIA DEAVERS
                                                            Plaintiff,

v.                Case Number: 3:14-cv-365 (HEH)

HOMERO VASQUEZ, et. al.
                                                            Defendants.

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS**

COMES NOW the plaintiff, by counsel, and for her Opposition to the Defendants' Motion to Dismiss, argues the following:

**A.**    **Introduction**

Ms. Deavers filed this lawsuit after being unlawfully arrested by deputy Vasquez. Ms. Deavers was enjoying an evening with friends when deputy Vasquez responded to a neighbor's noise complaint. Ms. Deavers was inside her house when deputy Vasquez arrived. Briefly after deputy Vasquez arrived, Ms. Deavers, a substance abuse counselor herself, left her garage to go further into her house then later returned. Upon her return, Ms. Deavers observed deputy Vasquez conversing with her guests and he asked to speak with her. Plaintiff approached deputy Vasquez near the garage door and when she was within physical reach of him, deputy Vasquez grabbed Ms. Deavers and pulled her outside. Deputy Vasquez arrested Ms. Deavers for public intoxication and she spent the night in jail; however, the charges were voluntarily dismissed when Ms. Deavers presented a video-recording of the event her friend had taken which shows there was no

1

justification for Ms. Deavers' arrest. Ms. Deavers filed this lawsuit, seeking compensation for deputy Vasquez's tortious conduct.

**B.     Background**

Defendant's Motion to Dismiss should be denied because deputy Vasquez apprehended, detained, arrested, injured and humiliated Ms. Deavers without any lawful basis whatsoever. Ms. Deavers had never been arrested previously and works in the field of substance abuse and addiction counseling.[1] Ms. Deavers was hosting a small gathering of friends when a neighbor called the sheriff's department to complain about sound.[2] The responding deputy Vasquez interacted with the plaintiff's cooperative friends who agreed to close the garage door to appease the neighbor's noise complaint. Next, deputy Vasquez asked to speak with Ms. Deavers but as she compliantly approached him, he grabbed her, pulled her outside of her garage and forcefully arrested her.

After handcuffing and detaining Ms. Deavers in his car, deputy Vasquez seized her cell phone, scrolled through her calls and text messages and called her daughter's phone number, disconnecting the call after it had been answered.[3] Despite being humiliated and violated without any basis whatsoever, the plaintiff remained passive and non-combative while deputy Vasquez drove her to jail. Upon arrival, deputy Vasquez

---

[1] Complaint, paragraph 22.
[2] The neighbor who called the police on the evening in question had a history of making noise complaints but the witnesses at trial will testify Ms. Deavers had music playing and her garage door open but the gathering could hardly be characterized as disorderly or loud.
[3] Paragraph 6 of the Complaint recites the details of Defendant Vasquez' mistreatment of Ms. Deavers in the back seat of his police cruiser.

lied to the magistrate[4] and convinced the magistrate to incarcerate Ms. Deavers overnight. Fortunately for Ms. Deavers, one of her guests video-recorded her interaction with deputy Vasquez and upon receipt of the video, the Spotsylvania County Commonwealth Attorney's office dismissed the charges against her. Nevertheless, the sting of the event stains her life and if the unlawful charges had proceeded, Ms. Deavers career could have been unjustifiably truncated. As such, deputy Vazquez must be held accountable for his tortious, inexcusable and legally unjustified conduct.

Defendant Vasquez argues Plaintiff did not allege she was arrested in public but, indeed, Plaintiff alleged in paragraph 5 that "Deputy Vasquez stepped into her dwelling and yanked her outside and informed her she was being arrested for being drunk in public", so Defendant Vazquez's argument is without merit. Plaintiff clearly alleged she was inside her home when the interaction between her and deputy Vasquez began. Defendant Vasquez's argument in support of his Motion to Dismiss logically terminates upon the fact Ms. Deavers was not in public when he arrested her for public intoxication. Defendant Vasquez devotes the majority of his memorandum to an academic discussion[5] about what facts establish probable cause to arrest a person for public intoxication and a well-researched and written analysis of the legal distinctions between Virginia and federal case law about what facts establish probable cause to arrest a person for being

---

[4] Plaintiff alleged in paragraph 6 of the Complaint, "Upon arrival at the magistrate's office, Deputy Vasquez told the magistrate Plaintiff had stepped out of her garage and become belligerent, prompting her arrest; this was untrue and Plaintiff has video evidence to prove it. Plaintiff informed the magistrate she did not step out of her garage or become belligerent; Deputy Vasquez, unaware of the video evidence, told Plaintiff to "shut up"".

[5] Plaintiff elects to forego setting forth a counter-analysis of Defendant Vasquez's legal analysis as to what facts establish probable cause to arrest a person for public intoxication under Virginia law because, chiefly, Plaintiff specifically alleged that she was not in public when Defendant Vasquez apprehended her.

3

drunk in public. Indeed, however, Plaintiff alleged she was inside her home when Defendant Vasquez apprehended her. As such, Defendants' Motion must be denied.

### III. Argument[6]

A. Qualified Immunity Does Not Apply

The defense of qualified immunity does not apply in this case. Plaintiff agrees with the defendants' recitation of the black letter law regarding qualified immunity but it does not apply under the facts. First, deputy Vasquez clearly violated Ms. Deavers' constitutional rights when he falsely arrested her. Second, obviously it would be clear to a reasonable officer that he or she should not arrest someone for being drunk in public when, in fact, the person was not in public, satisfying the second element of the *Saucier* test. A reasonable officer would appreciate that he or she does not have the right to pull a person out of their private residence and arrest the person for drunk in **public**. The defendants' argument to the contrary has no merit, the facts alleged in the Complaint must be deemed true for the purposes the defendants' Motion.

B. Plaintiff Alleged Facts that establish a False Arrest[7]

Defendants' brief dovetails an argument about the laws concerning what constitutes intoxication behind a conclusion that Ms. Deavers was in public when deputy Vasquez arrested her. Defendants' argument has no merit because the plaintiff alleged

---

[6] Plaintiff does not dispute that the Spotsylvania County sheriff should be the named defendant and will move for leave to substitute the sheriff for his department as a defendant.

[7] Roman numerals II – V of Defendants' brief address what conduct constitutes a "false arrest" under Virginia law as opposed to the specific elements of the claims Plaintiff alleged. Accordingly, Plaintiff's rebuttal utilizes the same format.

4

she was inside her residence when deputy Vasquez arrested her (not in public), the Court does not need to reach the issue of whether Ms. Deavers was intoxicated[8].

C.  Deputy Vasquez Falsely Imprisoned Ms. Deavers

Plaintiff alleged facts which show false imprisonment. Plaintiff accepts Defendants' recitation of black letter law; however, the facts Plaintiff alleged, if deemed true, prove false imprisonment. Deputy Vasquez clearly restrained the plaintiff (element one) and there was no adequate legal justification (element two). The allegations within Plaintiff's Complaint must be deemed true for the purposes of Defendants' Motion and there is no credible argument that said allegations, if deemed true, do not prove false imprisonment.

D.  Deputy Vasquez Used Excessive Force

Section IV of Defendants' brief encourages a discussion about what degree of force a law enforcement agent may use when arresting a person. Remarkably, "while a person is entitled to use reasonable force to resist an unlawful arrest, he is not entitled to resist a lawful arrest". McCracken v. Com., 39 Va. App. 254, 262, 572 S.E.2d 493, 497 (2002). Ms. Deavers could have legally resisted her arrest because it was unlawful but, instead, she cooperated with deputy Vasquez and was a compliant victim. This Court does not need to evaluate whether deputy Vasquez employed excessive force because he had no basis to arrest Ms. Deavers in the first instance. Moreover, "an arrest utilizing excessive force is a battery because that touching is not justified or excused and therefore is unlawful". McCracken v. Com., 39 Va. App. 254, 262, 572 S.E.2d 493, 497 (2002). Accordingly, Plaintiff alleged a battery. Defendants' argument fails.

---

[8] Ms. Deavers denies that she was intoxicated at the time of the arrest however.

WHEREFORE, the plaintiff, by counsel, requests the Court deny the defendants' Motion to Dismiss.

**ALICIA DEAVERS**

By Counsel

_____/s/_____
D. Hayden Fisher, Esquire
Fisher Clarke, PLC
P.O. Box 7321
Richmond, Virginia 23220
(804) 335-1270
(804) 482-2725 (facsimile)

**CERTIFICATE OF SERVICE**

I hereby certify that a true on the 9th day of June, 2014, I electronically filed the forgoing document with the United States District Court, Richmond Division by using the CM/ECF system. I certify the following counsels of record are registered ECF filers and they will be served by the CM/ECF system.

          _____/s/_____
          D. Hayden Fisher, Esquire

Alexander Francuzenko, Esquire
Cook Craig & Francuzenko, PLLC
3050 Chain Bridge Road, Suite 200
Fairfax, Virginia 22030
(703) 865-7480
(703) 434-3510 (facsimile)
alex@cookcraig.com