IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| ALICIA DEAVERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:14CV365–HEH |
| | ) | |
| SPOTSYLVANIA COUNTY SHERIFF'S | ) | |
| DEPARTMENT and | ) | |
| HOMERO VASQUEZ, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION
(Defendant's Motion to Dismiss[1])

This is essentially a civil rights action filed against a Spotsylvania County deputy

sheriff, under 42 U.S.C. § 1983, alleging a number of Fourth Amendment violations and

related common law claims. The underlying incident involves Plaintiff's alleged false

arrest for being drunk in public and the use of unnecessarily harsh force to detain her.

This case is presently before the Court on the Defendant's Motion to Dismiss filed

pursuant to Federal Rule Civil Procedure 12(b)(6). The Defendant, Deputy Sheriff

Homero Vasquez, challenges both the substantive sufficiency of the Complaint and,

alternatively, seeks to invoke qualified immunity. Both the Plaintiff and the Defendant

have filed memoranda of law supporting their respective positions. Since the task at hand

---

[1] The Defendants move to dismiss the Spotsylvania County Sheriff's Department as a party. The Defendants correctly maintain that there is no such legal entity. *Doud v. Commonwealth*, 282 Va. 317, 321 (2011); *see also Revene v. Charles Co. Comm'rs*, 882 F.2d 870, 874 (4th Cir. 1989). Plaintiff does not dispute that the Spotsylvania County Sheriff, rather than the Sheriff's Department, is the proper party. (Pl.'s Opp'n to Defs.' Mot. Dismiss 4 n.6, ECF No. 6.) The Spotsylvania County Sheriff's Department will therefore be dismissed as a party. If Plaintiff wishes to add the Sheriff as an individual party, she may file the appropriate motion.

is constrained by the four corners of the Complaint, oral argument is unnecessary at this stage of the proceedings.

According to the Complaint, Spotsylvania County Deputy Sheriff Homero Vasquez ("Deputy Vasquez") was dispatched to the Plaintiff's residence during the early morning hours of May 18, 2013 for a complaint of excessive noise. "Plaintiff was in her garage at the time with her garage door open. Deputy Vasquez advised Plaintiff and some friends gathered at her house they could not be in public view while drinking and instructed everyone to go inside, and Plaintiff did." (Compl. ¶ 4, ECF No. 1-1.) When some of the persons present attempted to close the garage door, Deputy Vasquez "placed his foot inside the door to prevent it from being closed." (*Id.*) Several minutes after she entered her home, Deputy Vasquez allegedly requested that she "come back outside." (*Id.* ¶ 5.)

> When Plaintiff complied, Deputy Vasquez stepped into her dwelling and yanked her outside and informed her she was being arrested for being drunk in public. Deputy Vasquez then grabbed Plaintiff's phone out of her hand, threw it down and handcuffed Plaintiff so tight that Plaintiff had bruises on her wrists and lost feeling in her right thumb. Additionally, Plaintiff suffered bruising on her upper arms due to Deputy Vasquez squeezing them so hard in the process of handcuffing her. Deputy Vasquez then called for backup and 6 police cars even though Plaintiff had not resisted the unlawful arrest he had no reason to feel threatened.[2]

(*Id.*)

---

[2] Virginia Code § 18.2-388 reads in pertinent part, "[i]f any person profanely curses or swears or is intoxicated in public . . . he shall be deemed guilty of a Class 4 misdemeanor." The Court of Appeals of Virginia has construed this code section to authorize custodial arrests for public intoxication. *Crislip v. Commonwealth*, 554 S.E.2d 96, 99 (Va. Ct. App. 2001); *see also Carrsquillo v. Commonwealth*, 2001 Va. App. LEXIS 274 *8–9 (May 22, 2001).

Plaintiff further states in her Complaint that Deputy Vasquez "went through the text messages on Plaintiff's cell phone . . . accidentally called Plaintiff's 14 year old daughter and hung up, causing her daughter to worry unnecessarily." (*Id.* ¶ 6.) Plaintiff also maintains that

> Upon arrival at the magistrate's office, Deputy Vasquez told the magistrate Plaintiff had stepped out of her garage and become belligerent, prompting her arrest; this was untrue and Plaintiff has video evidence to prove it. Plaintiff informed the magistrate she did not step out of her garage or become belligerent; Deputy Vasquez, unaware of the video evidence, told Plaintiff to "shut up."

(*Id.*)

Lastly, Plaintiff alleges that she reported Deputy Vasquez's conduct to the Spotsylvania County Sheriff's Department and provided them with video evidence. (*Id.* ¶ 7.) The charges were eventually dismissed. (*Id.* ¶ 12.)

This Court's review of a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6) focuses on the facial sufficiency of the well-pleaded facts contained in the complaint. At this preliminary stage, the Court does "not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering a motion to dismiss, Plaintiff's well-pleaded allegations are taken as true, and the complaint must be viewed in the light most favorable to the plaintiff. *T.G. Slater & Son, Inc. v. Donald P. & Patricia A. Brennan LLC*, 385 F.3d 836, 841 (4th Cir. 2004). Legal conclusions, however, enjoy no such deference by the reviewing court. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive Rule 12(b)(6) scrutiny, a complaint need only contain "enough facts to state a

3

claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Therefore, in reviewing the complaint for facial sufficiency, this Court must parse out the legal conclusions and extraneous commentary. As the U.S. Court of Appeals for the Fourth Circuit pointed out in *Francis v. Giacomelli*, "naked assertions of wrongdoing necessitate some factual enhancement within the complaint to cross the line between possibility and plausibility of entitlement to relief." 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted).

The standard of review articulated above applies as well to the defense of qualified immunity. *Crawford-El v. Britton*, 523 U.S. 574, 594–95 (1998) (rejecting heighten burden of proof standards where qualified immunity is defense). This Court is aware of the U.S. Supreme Court's admonition that qualified immunity should be addressed at the earliest possible stage—if the record before the court is sufficient. *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009).

Since Defendant's Motion to Dismiss raises no challenge at this stage to the sufficiency of Count One, alleging malicious prosecution, this Court will therefore begin its analysis with Count Two, generically styled "1983 Action." As is characteristic of the Complaint generally, Count Two is rich in its conclusions but lean in supporting facts. Its core components appear to be claims of arrest without probable cause and use of unreasonable and excessive force. Viewing the Complaint in the light most favorable to the Plaintiff, as the Court must at this stage, Plaintiff contends that her Fourth Amendment rights were violated when she was arrested without probable cause for being

4

drunk in public. According to the Complaint, "Plaintiff had stepped out of her garage and become belligerent, prompting her arrest . . . ." (Compl. ¶ 6.) However, even under the deferential standard of review accorded Plaintiff under Rule 12(b)(6), nowhere in the Complaint does she unequivocally deny that she was intoxicated at the time of arrest or provide any factual basis to infer that she was not in a public area at the time.[3] Therefore with respect to the arrest without probable cause element of Count Two, that claim fails to survive Rule 12(b)(6) scrutiny. In *Crislip v. Commonwealth*, the Court of Appeals of Virginia concluded that "[t]he plain meaning of 'in public,' [] is a place in open view, visible to the community." 554 S.E.2d at 98. It is not limited to places open to public accessibility. *Id.* Moreover, a person may be guilty of a public offense while on their own premises. *Id.* at 99; *see also Hackney v. Commonwealth*, 186 Va. 888, 892 (1947).

Plaintiff's excessive force claim within Count Two is based on her allegation that "Deputy Vasquez . . . handcuffed Plaintiff so tight that Plaintiff had bruises on her wrists and lost feeling in her right thumb. Additionally, Plaintiff suffered bruising on her upper arms due to Deputy Vasquez squeezing them so hard in the process of handcuffing her." (Compl. ¶ 5.) It is well established that a seizure effectuated by excessive force contravenes the Fourth Amendment. *Waterman v. Batton*, 393 F.3d 471, 476 (4th Cir. 2005). As the Fourth Circuit noted in *Clem v. Corbeau*, "[w]hether an officer has used excessive force is judged by a standard of objective reasonableness." 284 F.3d 543, 550

---

[3] In Count One of the Complaint, which is not directly at issue in the immediate motion, Plaintiff alleges that Deputy Vasquez did not administer a Breathalyzer or conduct a field sobriety test to determine if she was legally intoxicated. (Compl. ¶ 11.) While such procedure may have potentially had evidentiary value, there is no statute or case authority that requires such testing as a prerequisite to arrest for public intoxication.

(4th Cir. 2002); *see also Graham v. Connor*, 490 U.S. 386, 395 (1989). The

reasonableness of an officer's actions is "not capable of precise definition or mechanical

application." *Bell v. Wolfish*, 441 U.S. 520, 559 (1979). But rather, "requires careful

attention to the facts and circumstances of each particular case." *Graham*, 490 U.S. at

396; *see also Clem*, 284 F.3d at 550. In assessing the reasonableness of the force

employed, the Court should consider "the severity of the crime at issue, whether the

suspect poses an immediate threat to the safety of the officers or others, and whether he is

actively resisting arrest . . . ." *Graham*, 490 U.S. at 396.

Obviously, a determination of whether the force applied by Deputy Vasquez was

excessive is context specific. At this stage, the Court must rely on the well-pleaded

allegations in the Complaint. The facts supporting the excessive force claim add little

marrow to an otherwise skeletal complaint; however, the alleged injury, standing alone

and unexplained, is sufficient to pass muster at this point. *See Morrison v. Bd. of Trs. of

Green Township*, 583 F.3d 394, 402–403 (6th Cir. 2009) (bruising and wrist marks alone

may be sufficient injury for claim of excessive force depending on circumstances).

Deputy Vasquez may well have a different version of what occurred in the early morning

hours of May 18, 2013.[4]

---

[4] As a subsidiary part of Count Two, Plaintiff alleges in paragraph 21 of the Complaint that
"Deputy Vasquez unlawfully searched Plaintiff's cell phone and called her daughter without any
legal basis whatsoever, violating the 4th amendment." There is no allegation that Deputy
Vasquez searched for or retrieved any information stored in the phone's database. Without some
description of the nature of the search, this allegation fails to state a constitutional claim.
Furthermore, at the time this incident occurred, the law in the Fourth Circuit permitted minimally
intrusive examination of seized cell phones. *United States v. Lawing*, 703 F.3d 229, 238 (4th
Cir. 2012), *cert. denied*, 133 S. Ct. 1851 (2013).

Alternatively, Deputy Vasquez argues that even if Count Two is facially sufficient, his actions were objectively reasonable and he is therefore entitled to qualified immunity. "Qualified immunity protects officers who commit constitutional violations but who, in light of clearly established law, could reasonably believe that their actions were lawful." *Henry v. Purnell*, 652 F.3d 524, 531 (4th Cir. 2011). The determination of whether a right is clearly established hinges on "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier v. Katz*, 533 U.S. 194, 202 (2001) (citation omitted). So long as qualified immunity does not turn on disputed facts, "whether the officer's actions were reasonable is a question of pure law." *Henry*, 652 F.3d at 531. The degree of force appropriate here is directly proportionate to Plaintiff's resistant conduct—which she denies in her Complaint. An informed assessment of the objective reasonableness of the force employed by Deputy Vasquez necessarily requires greater factual development. *See Scott v. Harris*, 550 U.S. 372, 381 (2007).

"[A] defendant can raise the qualified-immunity defense at both the motion to dismiss and summary judgment stage." *Tobey v. Jones*, 706 F.3d 379, 393–94 (4th Cir. 2013) (citing *Behrens v. Pelletier*, 516 U.S. 299 (1996)). Based on the present record, this Court is unable to determine whether or not the amount of force used by Deputy Vasquez to handcuff the Plaintiff was warranted. The Court does note that according to the Complaint, Deputy Vasquez required six additional units to assist with Plaintiff's arrest. (Compl. ¶ 5.) As the Fourth Circuit has frequently noted, qualified immunity is peculiarly well-suited for resolution at the summary judgment stage with the benefit of a

7

more fulsome record. *See Willingham v. Crook*, 412 F.3d 553, 558–59 (4th Cir. 2005). This is such a case.

Count Three alleges that Deputy Vasquez committed common law battery by touching "Plaintiff in a harmful and offensive manner as described above without lawful justification." (Compl. ¶ 24.) This claim turns on the same basic allegations underlying the excessive force element of Count Two. Unrebutted, Count Three states a frail—but plausible—claim of battery. The destiny of this claim will ultimately turn on whether Plaintiff's arrest was lawful and if so, whether the attending circumstances justified the force employed. *Crislip*, 554 S.E.2d at 97.

Finally, in Count Four, Plaintiff maintains that she was falsely imprisoned, presumably because she was arrested without probable cause. Under Virginia law, false imprisonment is defined as restraint of one's liberty without sufficient legal excuse. *Lewis v. Kei*, 281 Va. 715, 724 (2011). However, if the Plaintiff's arrest was lawful, Plaintiff cannot prevail on a claim of false imprisonment. *See De Chene v. Smallwood*, 226 Va. 475, 481 (1984).

According to the somewhat inartfully crafted Complaint, Plaintiff contends that she was "yanked [] outside" by Deputy Vasquez and informed she was "being arrested for being drunk in public." (Compl. ¶ 5.) However, Plaintiff also alleges in the succeeding paragraph of the same Complaint that Deputy Vasquez informed the magistrate that she "had stepped out of her garage and become belligerent, prompting her arrest . . . ." (Id. ¶ 6.) As noted above in finding portions of Count Two deficient, despite Plaintiff's virulent assertion of innocence, the Complaint supplies no factual support for

8

her conclusions. Critically, the Complaint contains neither a denial of Plaintiff's intoxication nor a sufficient description of the area in which she was encountered by Deputy Vasquez to support her contention that she was not visible to the community. Simply put, there is no basis from the face of the Complaint to plausibly conclude that Deputy Vasquez lacked probable cause to place her under arrest.

It is also well settled in the Commonwealth of Virginia that an arrest is lawful if a law enforcement officer reasonably had probable cause to believe that the individual he arrested was committing a misdemeanor in his presence, even if it is later discovered that the officer was mistaken. *De Chene*, 226 Va. at 478. An arrest is lawful if a law enforcement officer had a reasonable belief that the facts and circumstances constituted a violation of the law. *Id.* at 479; *see also Yeatts v. Minton*, 211 Va. 402, 406 (1970).

Even viewed in the light most favorable to Plaintiff, as required at this stage, Count Four fails to plead a plausible claim of false imprisonment or arrest. To withstand a Rule 12(b)(6) challenge, a complaint does not need detailed factual allegations, but more is required than naked assertions of wrongdoing—it necessitates "some factual enhancement within the complaint to cross the line between possibility and plausibility of entitlement to relief." *Francis*, 588 F.3d at 193 (internal quotation marks and citation omitted). Count Four falls short of that mark—both factually and legally.

The Court will therefore grant Defendant's Motion to Dismiss in part. That portion of Count Two that alleges Plaintiff's arrest without probable cause and alleged search of Plaintiff's cell phone will be dismissed without prejudice. The motion will be denied, however, as to the excessive force facet of Count Two. The motion will be

denied as to Count Three (common law battery) and granted as to Count Four (common law false imprisonment).  Count Four is dismissed without prejudice.

An appropriate Order will accompany this Memorandum Opinion.

_____ /s/ _____
Henry E. Hudson
United States District Judge

Date: July 2, 2014
Richmond, VA