UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Richmond Division

ALICIA DEAVERS
                                                                                                                                          Plaintiff,

v.                              Case Number: 3:14-cv-365 (HEH)

HOMERO VASQUEZ, et. al.
                                                                                                                                     Defendants.

**PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

COMES NOW the plaintiff, by counsel, and for her Opposition to the Defendants' Motion for Summary Judgment, argues the following:

A.    <u>**Background and Objections[1] to Defendants' Recited Undisputed Facts**</u>

On the evening in question, Defendant Vasquez responded to a noise complaint emanating from **INSIDE** Plaintiff's garage at 12:32 a.m. The incident report indicates Deputy Vasquez arrived at Plaintiff's home at 12:58 a.m., responding to the noise complaint.[2] The incident report states, "Caller Adv PPL AT THIS RES ARE HAVIG A PARTY AND ITS GETTING LOUD – **IN GARAGE** – CALLER NOT REQ" (emphasis added), the complaint does not indicate loud music and music was not playing at the time Defendant Vasquez arrived at Plaintiff's house, a disputed fact. Plaintiff concedes the garage is ordinarily visible from the street when its door is open but notes that it was dark outside when Defendant Vasquez arrived and he approached the garage with a flashlight,

---

[1] A specific point-by-point rebuttal to Defendants' Statement of Material Facts is set forth in Plaintiff's affidavit, Exhibit B, attached.
[2] Defendant Vasquez notes an irrelevant fact on brief, the existence of previous noise complaints, Plaintiff points out that many of them were deemed unfounded.

displaying his badge. Also disputed, neither Plaintiff nor anyone else was outside the garage when Defendant Vasquez approached it, a small group was gathered inside the garage, just as they had been at the time the neighbor made the complaint.[3]

Eight minutes later, Defendant Vasquez arrested Plaintiff at 1:06 a.m.[4] after arriving at 12:58 a.m.[5] according to the records; as such, there was not an extended interaction between Plaintiff, Defendant Vasquez or the persons gathered at Plaintiff's house, contrary to Deputy Vasquez's implied suggestion. Upon arrival, Deputy Vasquez requested that everyone go inside and close the garage door and also that Plaintiff provide identification as the person who lived at the house. Plaintiff went inside, returned, showed her identification to Defendant Vasquez and then went back inside the house. The people in the garage attempted to close the garage door as Defendant Vasquez requested but he placed his foot in between the garage door and the floor so it could not be closed. Plaintiff was on the phone with Spotsylvania detective Rob Marshall[6], a personal friend, when Defendant Vasquez summoned Plaintiff back outside. By this time, the person who organized the gathering for his birthday, Mike Smith, had begun filming the episode on a cell phone.

---

[3] Remarkably, the complaint to law enforcement corroborates Plaintiff's evidence as the complaint specifically states, "Caller Adv PPL AT THIS RES ARE HAVIG A PARTY AND ITS GETTING LOUD – **IN GARAGE** – CALLER NOT REQ"; (emphasis added).
[4] The plaintiff's cell phone records, Exhibit E, show she called detective Rob Marshall at 1:01 a.m. and the call lasted 5 minutes, the plaintiff was on the with detective Marshall at the time of her arrest. Exhibit A also shows coded activity at 1:05 a.m., consistent with the same arrest time.
[5] Exhibit A, "Arrived" time, 00:58:00.
[6] Plaintiff could hear from the interaction outside that Defendant Vasquez was refusing to allow the garage door to be closed a mere three minutes after his arrival.

The video[7] shows that Plaintiff returned outside against the counsel of her friends but as directed by Defendant Vasquez and, as soon as she was within an arm's length of Defendant Vasquez, he grabbed her and told her she was under arrest. Defendant Vasquez pulled Plaintiff outside the garage and forcefully arrested her. Defendant Vasquez contends the five foot, two inch tall Plaintiff resisted arrest but the video proves otherwise, another disputed fact[8]. Plaintiff developed bruises on her arm and upper wrists due to Defendant Vasquez grasping her so forcefully and bruising from the handcuffs, as well as numbness in a thumb which did not reside for several days; she testified he pressed his thumbs into her wrists forcefully as he handcuffed her. The video of the incident pales in stark contrast to Defendant Vasquez's depiction of the incident and proves Deputy Vasquez is plainly not credible. The plaintiff was booked for public intoxication and swearing[9] by the magistrate after Defendant Vasquez lied to the magistrate. Although Plaintiff concedes drinking approximately five (5) glasses of wine over the course of the evening and that she had not eaten since lunch, she denies being intoxicated[10] and adduces evidence[11] attached, disputing Defendant Vasquez' contention that she had bloodshot eyes, slurred speech and smelled of alcohol.

---

[7] The affidavit of the witness who took the video and authenticates it is attached hereto as Exhibit C.

[8] Indeed, Defendant Vasquez concedes in response to Plaintiff's Interrogatory #6 that Plaintiff did not "pose a physical threat to law enforcement". Exhibit D.

[9] Defendant Vasquez conveniently ignores the "swearing" element of the charge throughout his brief, obviously knowing the video of the episode shows Plaintiff did not swear at Defendant Vasquez or attempt to resist arrest. In no way was she "belligerent", as Defendant Vasquez reported to the magistrate.

[10] Plaintiff objects to Defendant Vasquez's Exhibit 6 as being hearsay and further notes that her blood alcohol level was never measured by trained operators using a certified machine and, hence would not be admissible under any circumstances. Plaintiff is a certified operator of breathalyzers and administers them daily.

Because of Plaintiff's arrest, she was transferred from her position as the case manager / probation officer for Spotsylvania VASAP to Stafford County and advised, if convicted, she would be terminated from that position. The Spotsylvania Sheriff's Department, after investigating Plaintiff's complaint, advised the Commonwealth Attorney not to prosecute the charge against Plaintiff and it was dismissed. Plaintiff brings this lawsuit seeking redress for her damages.

**B.     Argument**[12]

A.     Lack of Probable Cause / Malicious Prosecution / Battery

Plaintiff's malicious prosecution and battery claims should not be dismissed because Defendant Vasquez lacked probable cause to arrest the plaintiff and because he touched her in a harmful and offensive manner without legal justification. Defendant Vasquez concedes on brief Plaintiff's Malicious Prosecution and Battery[13] claims turn on the issue of whether he had probable cause to arrest Plaintiff for public intoxication and swearing. There is no evidence in the video of Plaintiff swearing at Defendant Vasquez, resisting arrest or being in public, she walks into the scene from inside of the house after being summoned by Defendant Vasquez and there is no evidence of her being intoxicated, belligerent or resisting arrest. Accordingly, Defendant Vasquez is left to defend his initial interaction with Plaintiff.

---

[11] For purposes of this Motion, Plaintiff corroborates her own testimony with the sworn statement of a witness with personal knowledge of her lack of intoxication. Significantly, at trial, a number of persons will testify Plaintiff did not smell of alcohol, have bloodshot eyes or exhibit slurred speech. See Exhibits B and C, attached.

[12] Plaintiff does not dispute Defendant Vasquez's recitation of the standard of review or any of the black letter law he recites on brief; however, Plaintiff disputes Defendant Vasquez's application of the law to the facts in this case.

[13] Even if Defendant Vasquez had probable cause to arrest Plaintiff, which Plaintiff denies, he can still be liable for a battery if he used excessive force. The issue of excessive force is addressed in Section B of Plaintiff's Argument.

Defendant Vasquez[14] swears he encountered loud music and an intoxicated Plaintiff outside the garage and that multiple interactions between him, the plaintiff and other guests at the gathering preceded Plaintiff going into her house, returning with her identification, re-entering the house and calling detective Rob Marshall before being summoned outside to be arrested; however, the facts do not militate in Defendant Vasquez's favor. The evidence shows among other things: (1) Defendant Vasquez arrived at 12:58 a.m. and Plaintiff called detective Marshall at 1:01 a.m., a mere three minutes later, hardly enough time for all of the interactions Defendant Vasquez describes to have occurred; and (2) the initial noise complaint corroborates Plaintiff's evidence that the guests and noise was emanating from **inside** the garage, where everyone was gathered, not outside as stated by Defendant Vasquez. Nevertheless, Plaintiff has adduced evidence disputing that she was intoxicated (genuine issue of material fact) and the case law Defendant Vasquez relies upon is somewhat stretched to satisfy the "public" intoxication element.

In a recent Virginia Appeals Court decision, that Court clarified in dictum the legal standard for public intoxication and the case can be interpreted to cement the narrow the holding of Crislip v. Com., 37 Va. App. 66, 69, 554 S.E.2d 96, 97 (2001), relied upon exclusively by Defendant Vasquez. In the case of Neff v. Com., the Court affirmed a public intoxication ruling on procedural grounds but, in dictum, affirmed the reasoning on substantive grounds, clarifying what constitutes public intoxication from a

---

[14] It should be noted that a review of Defendant Vasquez's 20 arrests related to drugs or alcohol that Plaintiff found online for Defendant Vasquez in General District Court during the last year shows that only 5 defendants were convicted while 8 were nolle prossed, 3 dismissed, 1 was found not guilty and two prepaid their fines before their trials. Statistically, these arrest records show anecdotally that Defendant Vasquez may be over-charging people. Additionally, the majority of the people he arrested are female.

factual perspective. The Court ruled Neff could be deemed to have been intoxicated in public where the evidence showed he "spoke with slurred speech, had glassy eyes, and emitted a strong odor of alcohol in his breath and about his person" and where Neff, after being offered the opportunity to "take a preliminary breath test if he felt that he was not intoxicated… then raised his voice, cursed at the officer, and became **agitated**… and physically assaulted the officer during the course of the arrest. Neff v. Com., 63 Va. App. 413, 758 S.E.2d 87, 87 (2014)(emphasis added). Like Crislip, the "public" intoxication occurred on the front porch of the residence. Unlike Crislip, Neff was offered a breathalyzer test before being arrested, which he refused. Like Crislip, the facts in Neff included a curse and abuse of the law enforcement, evidence of extreme intoxication, a state of agitation and an assault against law enforcement. Unlike Neff and Crislip, Plaintiff did not resist arrest, come outside of her dwelling voluntarily or curse and abuse Defendant Vasquez, nor did she exhibit any signs of being incoherent or **agitation**; Plaintiff was compliant with Defendant Vasquez and cognizant enough to call detective Marshall, retrieve her identification ask the people gathered in her garage to shut the door and otherwise generally carry herself as a civilized person. In stark contrast, the facts of Crislip were as follows:

> A call to police was initiated by a woman stating that, "her husband was intoxicated and his condition forced her out of the home. Sergeant Baylor, with Mrs. Crislip's permission and accompanied by her, went inside the mobile home where he found Crislip unsteady on his feet and his speech slurred. After assessing the situation, the officer instructed Crislip to go to bed to which Crislip agreed. "…Deputy Greer then arrived on the scene and the two officers conferred on the front deck/porch of the Crislip mobile home, just outside the front door. The front porch was in open view of the public road approximately 60 feet away

> and clearly visible to a number of neighboring homes in close proximity in the mobile home park. The officers then heard a crashing noise and observed Crislip lying on the living room floor and mumbling. He then started to get up and his wife quickly went out the front door with Crislip following her onto the front porch. Deputy Greer then informed Crislip that he was under arrest for being drunk in public. Crislip started to head towards the front door but an officer blocked his path and informed him that he would have "to go with us." Crislip put his hands out and Deputy Greer placed handcuffs on him. Crislip then began to swing at the officers with his cuffed hands, striking both officers. The officers attempted to further restrain Crislip, resulting in a scramble on the floor of the porch and onto the gravel driveway. Crislip, while lying on the gravel, proceeded to kick the officers until subdued by pepper spray."

Crislip v. Com., 37 Va. App. 66, 68-69, 554 S.E.2d 96, 97 (2001).

The holding in Crislip might narrowly establish that a person under some circumstances can be arrested for drunk in public even when on private property near his or her residence but certainly that narrow holding outside should be considered in the overall context of the factual circumstances. Plaintiff's evidence establishes she was insider her garage when Defendant Vasquez arrived, provided identification as requested, and was inside her house as requested within three minutes; and that she did not curse or abuse Defendant Vasquez, nor resist arrest. As such, the facts of this case do not fit within the narrow holding of Crislip or Neff.

    The facts of this case hardly parallel or mimic those in Crislip or Neff and, at least, the question of whether Plaintiff was in public should be a factual question for the trier of fact to determine. Plaintiff posits that a Court could infer from Crislip and Neff that the elements of "public" and "intoxicated" should be considered together and that, where the facts show an extreme level of intoxication accompanied with very disorderly

and "agitated" conduct, the crime of public intoxication is established by even the slightest degree of commission within a public setting. Such a rule would certainly be consistent with the public policy which outlaws public intoxication, the more intoxicated and disorderly the person is, the greater the threat such a person is to his or her immediate fellow citizens. Both Crislip and Neff suggest the element of "agitation" needs to be present where the intoxication occurs in a quasi-public setting. The "agitation" element is not satisfied in this case.

B.  Deputy Vasquez Used Excessive Force[15]

Defendant Vasquez employed excessive force in this case when he grabbed the plaintiff forcefully enough to leave bruising, pushed his thumbs into plaintiff's wrist forcefully enough to leave bruising and tightened her handcuffs so tight one of her thumbs remained numb for two days, refused to loosen the handcuffs after Plaintiff complained about them when already in custody, and where Defendant Vasquez admits Plaintiff posed no threat to law enforcement and the video recording of her arrest shows that she did not resist arrest or challenge Deputy Vasquez verbally. "It is well established that a seizure effectuated by excessive force contravenes the Fourth Amendment. As the Fourth Circuit noted in *Clem v. Corbeau,* whether an officer has used excessive force is judged by a standard of objective reasonableness. The reasonableness of an officer's actions is "not capable of precise definition or mechanical application. But rather, requires careful attention to the facts and circumstances of each particular case. In

---

[15] Because the qualified immunity defense also turns upon the question of whether the arrest was lawful and, if so, whether Defendant Vasquez exercised excessive force, it is not addressed separately. Plaintiff contends the defense does not apply for the same reasons cited in this section of the brief (excessive force) and due to a lack of probable cause to arrest Plaintiff.

assessing the reasonableness of the force employed, the Court should consider the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest". <u>Deavers v. Spotsylvania Cnty. Sheriff's Dep't</u>, 3:14CV365-HEH, 2014 WL 2993445 (E.D. Va. July 2, 2014)(internal citations and quotations admitted). This Court additionally noted that courts have held that bruising on wrists in and of themselves can show excessive force depending upon the attendant facts and circumstances. <u>Deavers v. Spotsylvania Cnty. Sheriff's Dep't</u>, 3:14CV365-HEH, 2014 WL 2993445 (E.D. Va. July 2, 2014). Here, the facts clearly show excessive force.

In this case, Defendant Vasquez concedes Plaintiff did not present a threat to law enforcement yet he grabbed her and deliberately dug his thumbs into her wrist while handcuffing her. He handcuffed her so hard one of her thumbs was numb for two days and, even when he had her safely in custody in the back of his cruiser, he refused to loosen the handcuffs. Plaintiff did not attempt to resist arrest or otherwise impede the arrest even though it was without probable cause and unlawful. Plain and simple, Defendant Vasquez exercised excessive force, violating Plaintiff's constitutional rights and battering Plaintiff. As such, Defendant's Motion for Summary Judgment should be denied.

WHEREFORE, the plaintiff, by counsel, requests the Court deny the defendants' Motion for Summary Judgment.

**ALICIA DEAVERS**

By Counsel

_____/s/_____

9

D. Hayden Fisher, Esquire
Fisher Clarke, PLC
P.O. Box 7321
Richmond, Virginia 23220
(804) 335-1270
(804) 482-2725 (facsimile)

**CERTIFICATE OF SERVICE**

I hereby certify that a true on the 13th day of October, 2014, I electronically filed the forgoing document with the United States District Court, Richmond Division by using the CM/ECF system. I certify the following counsels of record are registered ECF filers and they will be served by the CM/ECF system.

_____/s/_____
D. Hayden Fisher, Esquire

Alexander Francuzenko, Esquire
Cook Craig & Francuzenko, PLLC
3050 Chain Bridge Road, Suite 200
Fairfax, Virginia 22030
(703) 865-7480
(703) 434-3510 (facsimile)
alex@cookcraig.com